**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

|  |  |  |
|---|---|---|
| FADI HUSSEIN SERHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-03400-TNM |
| | ) | |
| LISA PALLUCONI, in her official capacity | ) | |
| as Acting Director of the United States | ) | |
| Department of the Treasury, Office of | ) | |
| Foreign Assets Control; *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

## ANSWER

Defendants Lisa Palluconi, Acting Director of the Office of Foreign Assets Control, and the United States Department of the Treasury, Office of Foreign Assets Control ("OFAC") (collectively, "Defendants") hereby answer the Complaint filed by Plaintiff Fadi Serhan ("Plaintiff") (ECF No. 1) in the following numbered paragraphs, which correspond to the Complaint's numbered paragraphs:

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.      Defendants admit that OFAC designated Plaintiff as a Specially Designated Global Terrorist ("SDGT") on that date for providing support to Hizballah, but deny that provision of "services" was the sole grounds for such designation.

3.      Defendants deny that Plaintiff was "effectively barred access" to "any" of the reasons underlying his listing in the first delisting proceeding. Defendants admit that OFAC denied the second delisting petition and redesignated him. The remainder of this paragraph appears to characterize the grounds for re-designation as explained in the public portions of the administrative

1

record provided to Plaintiff's counsel in Plaintiff's prior action; Defendants respectfully refer the Court to that record for a true and complete statement of its contents and deny any allegation inconsistent with the record's plain language, meaning, or context.

4.  The first sentence appears to characterize the grounds for re-designation as explained in an administrative record provided to Plaintiff's counsel in Plaintiff's prior action; Defendants respectfully refer the Court to that record for a true and complete statement of its contents and deny any allegation inconsistent with the record's plain language, meaning, or context. Defendants deny the second sentence.

5.  Defendants deny the assertions that "[f]ollowing his initial designation, [Plaintiff] took substantial remedial actions" and "[a]t every step, [he] has done what OFAC has expected of him …." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

6.  Admit that OFAC has denied multiple requests from Plaintiff for rescission of his designation and removal from the List of Specially Designated Nationals and Blocked Persons ("SDN List"). The remainder of the paragraph appears to characterize the grounds for the August 5, 2019, re-designation of Plaintiff as explained in a notice published in the Federal Register; Defendants respectfully refer the Court to the cited Federal Register notice for a true and complete statement of its contents and deny any allegation inconsistent with the notice's plain language, meaning, or context.

7.  Admit that Plaintiff filed another petition for reconsideration in July 2023; Defendants respectfully refer the Court to that petition for a true and complete statement of its contents and deny any allegation inconsistent with the petition's plain language, meaning, or context.

8.  Admit.

9.  Deny.

10.    Defendants deny that they are "unreasonably delaying the adjudication of Plaintiff's petition." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in this paragraph.

11.    The allegations in this paragraph characterize Plaintiff's action and require no response. To the extent a response is required, Defendants deny these allegations.

12.    The allegations in this paragraph contain Plaintiff's conclusions of law, to which no response is required.

13.    The allegations in this paragraph contain Plaintiff's conclusions of law, to which no response is required.

14.    The allegations in this paragraph contain Plaintiff's conclusions of law, to which no response is required.

15.    Admit that Plaintiff is a Lebanese national; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16.    Admit that Plaintiff is designated pursuant to Executive Order 13224, "Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten To Commit, or Support Terrorism" ("E.O. 13224") and the Hizballah International Financing Prevention Act of 2015, as amended by the Hizballah International Financing Prevention Amendments Act of 2018 (collectively, "HIFPAA"), and that his name is included on OFAC's SDN List.

17.    Admit the first sentence. To the remainder of Plaintiff's allegations in this paragraph are characterizing legal obligations, they contain Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, admit.

18.    Admit the first and second sentences. The last sentence characterizes Plaintiff's action and requires no response.

19.    Admit.

20.     The allegations in this paragraph appear to characterize a 2015 OFAC press release; Defendants respectfully refer the Court to that press release for a true and complete statement of its contents and deny any allegation inconsistent with the document's plain language, meaning, or context.

21.     Defendants admit that OFAC designated Plaintiff and placed him on the SDN List. The remainder of the allegations in this paragraph appear to describe the legal consequences of designation and blocking rather than describe factual circumstances; as such, the remainder of this paragraph contains only Plaintiff's conclusions of law, to which no response is required.

22.     Admit.

23-24.  These paragraphs appear to quote from and summarize OFAC's written communications to Plaintiff in July 2019.  Defendants admit that Defendants provided Plaintiff a summary of OFAC's preliminary conclusions on or about July 3, 2019.  The remainder of the allegations in these paragraphs appear to quote from and characterize that summary; Defendants respectfully refer the Court to that summary for a true and complete statement of its contents and deny any allegation inconsistent with the document's plain language, meaning, or context.

25.     Admit that on August 5, 2019, OFAC rescinded Plaintiff's initial designation pursuant to E.O. 13224 and re-designated him pursuant to E.O. 13224 and the HIFPAA.  The remainder of the allegations in this paragraph appear to characterize a notice published in the Federal Register; Defendants respectfully refer the Court to the cited notice for a true and complete statement of its contents and deny any allegation inconsistent with the cited notice's plain language, meaning, or context.

26.     Admit.

27.     Defendants admit that Plaintiff submitted a delisting petition on or about November 26, 2020.  The remainder of this paragraph appears to characterize that petition;

Defendants respectfully refer the Court to that petition for a true and complete statement of its contents and deny any allegation inconsistent with the document's plain language, meaning, or context.

28.  Defendants admit that OFAC sent a letter dated on or about December 9, 2021 denying the November 2020 delisting petition.  The remainder of this paragraph appears to characterize that letter; Defendants respectfully refer the Court to that letter for a true and complete statement of its contents and deny any allegation inconsistent with the document's plain language, meaning, or context.

29.  The allegations in this paragraph contain Plaintiff's conclusions of law, to which no response is required.

30.  Defendants admit that OFAC has provided guidance for persons seeking delisting. The remainder of this paragraph appears to characterize that guidance; Defendants respectfully refer the Court to that guidance for a true and complete statement of its contents and deny any allegation inconsistent with the document's plain language, meaning, or context.

31-32.  Defendants admit that Plaintiff submitted a delisting petition on or about July 5, 2023.  The remainder of these paragraphs appear to characterize that petition; Defendants respectfully refer the Court to that petition for a true and complete statement of its contents and deny any allegation inconsistent with the document's plain language, meaning, or context.

33.  Admit.

34.  Defendants admit that OFAC responded to Plaintiff on or about August 8, 2023. The remainder of this paragraph appears to characterize that response; Defendants respectfully refer the Court to the specific response for a true and complete statement of its contents and deny any allegation inconsistent with the response's plain language, meaning, or context.

35.  Admit.

5

36.    Admit.

37.    Defendants admit that OFAC responded to Plaintiff on or about April 30, 2024. The remainder of this paragraph appears to characterize that response; Defendants respectfully refer the Court to the specific response for a true and complete statement of its contents and deny any allegation inconsistent with the response's plain language, meaning, or context.

38.    Admit.

39.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

40.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence.  Defendants admit the second sentence.

41.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

42.    Defendants admit that, as of the date of this filing, Plaintiff remains designated under E.O. 13224 and the HIPFAA, and remains on the SDN List.  As to the factual assertion of ongoing harm suffered, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  The remainder of this paragraph appears to describe Plaintiff's theory of causation rather than describe factual circumstances; as such, the remainder of this paragraph contains only Plaintiff's conclusions of law, to which no response is required.

43.    Defendants incorporate their responses to paragraphs 1-42 above as if set forth fully herein.

44.    The allegations in this paragraph contain Plaintiff's conclusions of law, to which no response is required.

45.    The allegations in this paragraph contain Plaintiff's conclusions of law, to which no response is required.

46.    Deny.


The remaining paragraphs of the Complaint consist of Plaintiff's requested relief, to which no response is required.  Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.  Defendants hereby deny each and every allegation in the Complaint not expressly admitted or denied above.


DEFENSES

1.  Plaintiff fails to state a claim on which relief can be granted.

2.  Defendants have acted reasonably and within their statutory authority.


Dated: February 10, 2025                    Respectfully submitted,

                                            BRETT A. SHUMATE
                                            Acting Assistant Attorney General

                                            STEPHEN M. ELLIOTT
                                            Assistant Branch Director

                                            */s/ Amy E. Powell*
                                            AMY E. POWELL
                                            Senior Trial Attorney
                                            Federal Programs Branch

Civil Division, Department of Justice
c/o U.S. Attorney's Office
150 Fayetteville St., Suite 2100
Raleigh, NC 2760
Phone: 919-856-4013
Email: amy.powell@usdoj.gov
*Counsel for Defendants*